UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIE LEE, JR. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 17-5549 |
| | * | |
| PROGRESSIVE SELECT INSURANCE CO., ET AL | * | SECTION "L" (1) |

**ORDER & REASONS**

Currently before the Court is Plaintiff's Motion to Remand. R. Doc. 7. Defendant opposes the motion. R. Doc. 10. Having reviewed the parties' arguments and the applicable law, the Court now issues this Order and Reasons.

I. **BACKGROUND**

This case arises from a motor vehicle accident that occurred on October 30, 2016 in Orleans Parish. R. Doc. 1-2 at 1. Plaintiff Willie Lee, Jr., a Louisiana resident, alleges that while driving for Uber in the middle lane of Interstate 10 around 3:51 a.m., he was rear-ended by a vehicle operated by Defendant Alex Cowart. R. Doc. 1-2 at 1-2. The accident, Plaintiff asserts, caused his car to cross the rightmost travel lane and strike the guard rail. R. Doc. 1-2 at 2. Defendant Progressive Select Insurance Company ("Progressive") is Cowart's insurance provider. R. Doc. 1-2 at 3. Defendant James River Insurance Company ("James River") is Plaintiff's un-insured/under-insured motorist insurance provider. R. Doc. 1-2 at 3.

Plaintiff asserts that the accident was solely and proximately caused by Cowart's negligence, because Defendant Cowart failed to maintain a proper lookout and carelessly operated and steered his vehicle. R. Doc. 1-2 at 2. Plaintiff contends that as a result of the accident, he suffered physical and mental pain, loss of enjoyment of life, medical expenses, lost

earnings and earning capacity, and property damage. R. Doc. 1-2 at 3. Although the pleadings lack specificity, Plaintiff's exhibits indicate that he suffers from neck and back pain, as well as bulging disks. R. Doc. 1-5. Plaintiff seeks to hold Defendants Cowart, Progressive, and James River liable jointly and in solido because Cowart's insurance policy, issued by Progressive, is insufficient to compensate Plaintiff for his injuries. R. Doc. 1-2 at 4.

Defendant James River removed this action from the Civil District Court for Orleans Parish. R. Doc. 1. James River admits that on the face of the pleadings, the parties are not diverse because Cowart, like Plaintiff, is a Louisiana citizen. R. Doc. 1 at 3. However, James River argues that removal is in fact appropriate because both Cowart and Progressive were improperly joined. R. Doc. 1 at 3. James River contends that Cowart and Progressive settled their claims with Plaintiff prior to the filing of this case, and thus are merely nominal parties whose citizenship need not be considered for the purposes of removal.[1] R. Doc. 1 at 4.

Following removal, James River timely answered the complaint, generally denying Plaintiff's allegations. R. Doc. 4. James River also posits several affirmative defenses including contributory negligence, failure to state a claim, and collateral source. R. Doc. 4 at 3.

**II. PRESENT MOTION**

In response to James River's Notice of Removal, Plaintiff moved to remand the case to the Civil District Court for the Parish of Orleans. R. Doc. 7. Plaintiff argues that James River has failed to demonstrate that Cowart and Progressive are improperly joined; thus removal is inappropriate. R. Doc. 7 at 2. In particular, Plaintiff argues that a removing party must show that there is no possible way for a plaintiff to establish an action against the non-diverse party. R. Doc. 7-2 at 1. A valid settlement agreement can be proof of no cause of action. R. Doc. 7-2 at 1

---

[1] James River's Notice of Removal illustrates that although the pleadings do not specify an amount in controversy, the damages in this case exceed the $75,000 jurisdictional requirement R. Doc. 1

2

(citing *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)). However, Plaintiff argues that according to Louisiana law, a valid settlement agreement must be in writing and signed, or recited in open court and capable of being transcribed into the record.[2] R. Doc. 7-2 at 1 (citing *Taco Tico of New Orleans, Inc. v. Argonaut Great Cent. Ins. Co.*, 09-3502, 2009 WL 2160436 at *2 (E.D. La. July 16, 2009)). Plaintiff contends that the letter from Progressive to Plaintiff is merely an offer to settle and not a valid settlement, and thus, James River has failed to meet its burden of establishing that Progressive and Cowart are nominal parties to the action.

James River timely filed an opposition to Plaintiff's motion to remand. R. Doc. 10. James River argues that the April 24, 2017 letter from Progressive uses unequivocal language to illustrate that the parties reached a settlement agreement, and that the enclosed $15,000 check demonstrates that the settlement was confected. R. Doc. 10 at 2-3. In accordance with Louisiana Civil Code Article 3072, the Progressive letter is in writing. R. Doc. 10 at 3. Thus, James River contends that Plaintiff reached a valid settlement Defendant Cowart, such that there is complete diversity between the parties. R. Doc. 10 at 3.

### III. LAW AND ANALYSIS

Diversity jurisdiction under 28 U.S.C. § 1332 exists where the mater in controversy exceeds $75,000 and there is complete diversity of citizenship. The parties in the instant case do not dispute that Plaintiff's claims put more than $75,000 in dispute. In dispute, however, is whether the defendant driver, Alex Cowart, a resident of Louisiana, defeats complete diversity of citizenship since Plaintiff is also a Louisiana resident. In order to establish diversity jurisdiction, Defendant bears "the heavy burden of proving that non-diverse defendants have been

---

at 5. Plaintiff does not contest this issue. R. Doc. 7.

[2] Louisiana Civil Code Article 3072 provides that a settlement agreement must be "in writing or recited in open court," but does not suggest that a signature is required. Louisiana jurisprudence, however, has interpreted Article 3072 to require that a written agreement be signed by the parties. *See City of Baton*

fraudulently joined to defeat diversity." *Burden v. Gen. Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir. 1995). Defendant can sustain this burden "either by showing that (1) there has been outright fraud in Plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that Plaintiff would be able to establish a cause of action against the non-diverse defendant in state court." *Id.* At issue in the instant case is the latter inquiry. To satisfy the standard for fraudulent joinder, Defendant must show that there is "no reasonable possibility" that Plaintiff will be able to establish a cause of action against the non-diverse Defendants in state court under Louisiana law. *Stanley v. Wyeth, Inc.,* 2006 WL 2588147, *3 (E.D. La. 2006) (citing *Burden v. Gen. Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir. 1995)). "The Court has to evaluate all facts in the light most favorable to plaintiffs and resolve all contested issues of controlling substantive law in plaintiffs' favor." *Id.*

Defendants who have settled are nominal parties who are "no longer effectively a party to the case." *Id.* Although Louisiana Civil Code article 3072 does not require that a written settlement agreement be signed by the constituent parties, Louisiana jurisprudence suggests that such a requirement exists. In *Sullivan v. Sullivan*, the Louisiana Supreme Court explained that "the requirement that the agreement be reduced to writing necessarily implied that the agreement be evidenced by documentation signed by both parties." 671 So.2d 315, 317 (La. 1996) (citing *Felder v. Georgia Pacific Corp.*, 405 So.2d 521 (La. 1981). The Court further reasoned that "to serve as written proof of the agreement . . . [it] must be signed by both parties, obligating both to do what they have agreed on." *Id.* Because Defendant James River is the party seeking removal, it has the burden of demonstrating the existence of an enforceable settlement agreement. *See Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.,* 99 F.3d 746, 751 (5th Cir. 1996).

---

*Rouge v. Douglas*, 984 So.2d 746, 749 (La. App. 1 Cir. 2008)).

Evaluating the facts of this case in the light most favorable to Plaintiff, the Court finds that Defendant has not met this burden. Under Louisiana law, a settlement is not valid until it is signed by both parties. *See Sullivan*, 671 So.2d at 317. Here, the only evidence of a settlement between Plaintiff and Defendant Cowart is a letter from Progressive Insurance to Plaintiff and his attorney. R. Doc. 1-3. The letter is not signed by Plaintiff or his counsel. In fact, the letter specifically requests that Plaintiff sign and return an enclosed release; however, there is no evidence that Plaintiff ever signed the release. While Defendant argues that Progressive sent a check to settle Plaintiffs claims against Defendants Cowart and Progressive, there is no indication that Plaintiff cashed the check. Viewing these facts in the light most favorable to Plaintiff, the Court finds there was not a final settlement agreement between the parties. Although there appears to be a clear intent to settle, this intent is not formalized by a written doc. A written doc is an essential requirement for a complete settlement under Louisiana law. As such, Plaintiff does have a potential claim against the non-diverse Defendant, such that Defendant Cowart is not fraudulently joined, and therefore the parties are not completely diverse.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc. 7, is hereby **GRANTED**. The above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans for further proceedings.

New Orleans, Louisiana, this 17th day of August, 2017.

_____
UNITED STATES DISTRICT COURT JUDGE